```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA
                   Civil No. 08-5068(DSD/SRN)
```

APS,

        Plaintiff,

v.                                                    **ORDER**

US Bank,

        Defendant.

    APS, 24903 Tunnel Road, Brook Park, MN 55007, pro se.

    Charles F. Webber, Esq., Amy C. Taber, Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendant.

    This matter is before the court on defendant US Bank's[1] motion for summary judgment. After a review of the file, record and proceedings herein, and for the following reasons, the court grants US Bank's motion.

**BACKGROUND**

    Pro se plaintiff APS, otherwise known as Adam Paul Strege, alleges disability discrimination and breach of contract claims against US Bank.[2] On December 29, 2006, APS opened a checking account at US Bank. (Am. Compl. [Doc. No. 5] ¶ 13.) That same

---

[1] In accordance with the docket designation, the court refers to defendant as "US" Bank rather than "U.S." Bank.

[2] The court liberally construes APS's pleadings. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

day, APS signed a US Bank Reserve Line Agreement (the "Agreement"), enabling US Bank to advance up to five hundred dollars to his account if he had insufficient funds. (Taber Aff. Ex. 2 at 7.) APS also signed an acknowledgment contained within the Agreement noting that he had received certain insurance disclosures. (Id.) Below his insurance acknowledgment signature, APS wrote, "call if I bounce a check." (Id.; Am. Compl. ¶ 13.)

Beginning in September 2007, and continuing through January 2008, APS wrote checks in amounts that exceeded his account balance. (Taber Aff. ¶¶ 6-8, Exs. 5-7.) Each time a check bounced, US Bank advanced money to APS's account to cover the deficient amounts. (Id.) US Bank never called APS to notify him that his checks had bounced. (Am. Compl. ¶ 15.)

On August 12, 2008, APS sent a letter to US Bank stating that he was disabled and requesting an accommodation to help him manage his checking account. (Id. ¶¶ 3, 9 & 11; Taber Aff. ¶ 9, Ex. 8.) A month later, APS filed a complaint against US Bank alleging discrimination in violation of the Americans with Disabilities Act ("ADA") and breach of contract.[3] The court now considers US Bank's July 2, 2009, motion for summary judgment.

---

[3] APS filed an amended complaint on November 12, 2008, and a motion to amend on December 2, 2008. [Doc. Nos. 5 & 12.] Magistrate Judge Susan Richard Nelson granted APS's motion in part on December 18, 2008. [Doc. No. 15.]

2

**DISCUSSION**

I.  **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. ADA Claim**

Title III of the ADA prohibits discrimination in places of public accommodation against persons with disabilities. See Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (citing 42 U.S.C. § 12182(a)). APS alleges that US Bank violated Title III by failing to accommodate his disability and asks the court for an injunction and forty million dollars in damages. (Am. Compl. ¶ 11.) Even assuming, however, that APS could establish a prima facie case of disability discrimination against US Bank, summary judgment is warranted because the relief APS seeks is unavailable.

The court first considers APS's request for monetary damages. Private individuals cannot recover monetary damages under the ADA. Rather, the ADA explicitly limits remedies for private individuals to preventative or equitable relief. See 42 U.S.C. § 12188(a)(1) (incorporating remedies set forth in 42 U.S.C. § 2000a-3(a)); Id. § 12188(b)(2)(B) (permitting monetary damages to aggrieved person, but only in discrimination case brought by Attorney General); Steger, 228 F.3d at 892 (ADA grants private right of action for injunctive relief to individuals). Therefore, APS is not entitled to recover monetary damages under the ADA and summary judgment is warranted on this claim.

The court next considers APS's request for injunctive relief. APS seeks an injunction to "prevent a loss or injury to people with mental disabilities that cannot understand US Bank's bank

4

statements" and to ensure that "US Bank's services [and] statements are useable/understandable to people with mental[] impairment[s]." (Am. Compl. ¶ 9.)  As a threshold matter, the court must first determine whether APS has standing to seek injunctive relief.  See McClain v. Am. Econ. Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005) (Article III standing is a threshold question).  This inquiry "arises from Article III, § 2, of the United States Constitution, which limits the subject matter jurisdiction of federal courts to actual cases and controversies."  Id.  Lack of subject-matter jurisdiction cannot be waived, and it may be raised at any time by the court sua sponte.  See Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993).  If the court lacks subject-matter jurisdiction, the court must dismiss the action.  See Fed. R. Civ. P. 12(h)(3); Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002).

To establish standing in cases where injunctive relief is sought, the plaintiff must "show a likelihood of a future injury." See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007); Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006).  In the instant case, APS has ceased to use his US Bank account.  (Taber Aff. ¶ 8.)  APS has made no showing that he is likely to suffer a future injury as a result of US Bank's allegedly discriminatory policies.  As a result, the court determines that APS lacks standing and, consequently, the court does not have

5

subject-matter jurisdiction over this claim. See Faibisch, 304 F.3d at 801 (no standing when plaintiff cannot establish real and immediate threat of injury). Accordingly, the court dismisses this claim.

**III. Breach of Contract Claim**

Lastly, the court considers APS's breach of contract claim.[4] Specifically, APS alleges that US Bank breached the Agreement by failing to call him when he bounced a check. In response, US Bank denies that calling APS was a term of the Agreement.

Under Minnesota law, "[a] claim of breach of contract requires proof of three elements: (1) the formation of a contract, (2) the performance of conditions precedent by the plaintiff, and (3) the breach of the contract by the defendant." Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polglaze, P.A., 756 N.W.2d 907, 918 (Minn. Ct. App. 2008) (citations omitted). "The formation of a contract requires communication of a specific and definite offer,

---

[4] The court exercises supplemental jurisdiction over APS's breach of contract claim. See 28 U.S.C. § 1367(a); McLain v. Andersen Corp., 567 F.3d 956, 965 (8th Cir. 2009) ("[P]ursuant to 28 U.S.C. § 1367, courts have the discretion to exercise supplemental jurisdiction over remaining state-law claims even after the district court has dismissed all claims over which it has original jurisdiction.") (quotation and citation omitted). APS's federal and state claims concern his checking account and US Bank's overdraft policy. Because the claims derive from the same facts, deciding both claims in one proceeding promotes judicial efficiency. See OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (exercise of supplemental jurisdiction appropriate when claims would ordinarily be expected to be tried in one proceeding).

6

acceptance and consideration." Id. (citation and quotation omitted). Minnesota follows the "mirror image rule" which requires that an acceptance be coextensive with the offer and not introduce additional terms or conditions. Id. (citing Podany v. Erickson, 49 N.W.2d 193, 194 (Minn. 1951)). Generally, an acceptance that qualifies the terms of an offer constitutes a rejection of the offer and is treated as a counteroffer. See Alpha Venture/Vantage Props. v. Creative Carton Corp., 370 N.W.2d 649, 652 (Minn. Ct. App. 1985). "However, it is ... well settled that requested modifications of [an] offer [do] not preclude the formation of a contract where it clearly appears that the offer is positively accepted, regardless of whether the requests are granted." Id.; Restatement (Second) of Contracts § 39 (2009) ("[A] counter-offer must be distinguished from an unqualified acceptance which is accompanied by a proposal for modification of the agreement.").

In the instant case, the Agreement constituted US Bank's offer to APS. APS introduced a new provision to the offer by writing, "call if I bounce a check" below his signature. This new provision, however, was not a counteroffer because APS did not expressly condition his acceptance on US Bank's acquiescence to this change, nor can such a condition be inferred from the language of APS's modification. See Podany, 49 N.W.2d at 195 "[W]here acceptance is expressly conditioned on acquiescence in the requested modification, or that is the necessary inference from the

7

language employed, no contract is formed."). Rather, the new provision was a proposal that APS made while simultaneously accepting the Agreement in full. APS's proposal did not preclude the formation of a valid contract. See Alpha Venture/Vantage Props., 370 N.W.2d at 652 (valid contract formed when party requested a modification but accepted agreement unconditionally). Furthermore, because the parties never adopted APS's suggested modification, US Bank was under no legal obligation to notify APS when he bounced a check. Therefore, APS cannot assert a breach of contract claim against US Bank on this basis, and summary judgment is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. No. 54] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 2, 2009

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court